# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Clifton Stevenson (#2019-0420080), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 6840 |
| v. | ) | |
| | ) | Hon. Steven C. Seeger |
| Medical Staff/Asst. (Dentist) of Tom Dart, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied for a lack of showing of indigence. Plaintiff must pay the full $400 statutory filing fee. Failure to pay the entire fee by November 30, 2019, will result in dismissal of this case.

## STATEMENT

Plaintiff Clifton Stevenson is presently in custody at the Cook County Jail, and he brings this *pro se* civil rights action under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (IFP).

The Prison Litigation Reform Act (PLRA) requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). But if a prisoner is not able to prepay the fee, he or she may submit an application to proceed *in forma pauperis* to pay the fee with monthly deductions from his or her trust fund account. Along with the application, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Non-indigent prisoners must prepay the fee.

Plaintiff's application to proceed *in forma pauperis* includes a certification and trust fund statements, as required. The certification indicates that while Plaintiff only had $3.81 in his account when he filed suit, a significant amount of money came and went in the account earlier this year. In the six months before filing suit, he had average monthly deposits in the amount of $257.16. (Dkt. 3, p. 4.) The trust fund statements establish that Plaintiff received $1,592.00 in outside funds deposited into his account in the six months before filing suit. *Id*. at pp. 5-8. So Plaintiff burned through more than $1,500 in less than six months.

Plaintiff "essentially has no living expenses" because he is incarcerated and thus receives the necessities of life at the expense of taxpayers. *See*, *e.g.*, *Harris v. Doe*, No. 14 C 10121, 2015 WL 913449, at *1 (N.D. Ill. Feb. 27, 2015). The fact that Plaintiff had only $3.81 in his account when he submitted his complaint does not automatically mean that he is eligible to

proceed without prepaying the entire $400 fee upfront. The Court need not grant *in forma pauperis* status when a prisoner has depleted his account of funds before filing suit. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets is not indigent), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025, 1026–27 (7th Cir. 2000).

The activity in Plaintiff's trust fund account shows that during the six-month lookback period, he received enough income to pay the Court's filing fee many times over. Given the ongoing nature of Plaintiff's complaint, and his average monthly income of $257.16, Plaintiff was aware of the basis for this lawsuit when he could have set aside funds to pay the fee. Plaintiff instead chose to spend all of his money on commissary items. *See Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (observing that prisoners can save funds over time and pay the filing fee). That was his choice, but it undermines his claim of indigence.

Accordingly, the Court denies Plaintiff's application for leave to proceed *in forma pauperis*. Plaintiff must, by the date set forth above, prepay the full $400 statutory filing fee, which he may do by either a check or money order made payable to the Clerk, U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604. His failure to comply will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

Date: November 4, 2019

Steven C. Seeger
United States District Judge